ORDERED.

Dated: June 20, 2019

_____
Roberta A. Colton
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No.: 8:18-bk-07147-RCT
Chapter 7

Phyilis Brown

    Debtor(s).
_____/

AGREED ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITOR(S) AND TRANSACTIONAL COSTS
(4531 6th Avenue South Saint Petersburg, FL 33711)

THIS CASE came on for consideration of Chapter 7 Trustee, Stephen L. Meininger's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditor(s) and Transactional Costs* (the "Motion") (Doc. #21). Creditor Bayview Loan Servicing, LLC filed a response on June 6, 2019 at docket event number 24. No other responses or objections were filed. This Court having considered the Motion, together with the record and the fact that no other parties in interest filed a response to the Motion within the 21 days allotted from service as pursuant to Local Rule 2002-04, finds that it is appropriate to enter an order granting the Motion. By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1.     The notice of the Motion is approved as proper and adequate under the circumstances.

    2.    The Motion is GRANTED and the sale to the Prodigi Group Investments, LLC, a Florida Limited Liability Company, its assigns, or ultimate purchaser ("Buyer(s)"), is approved as the highest and best offer.

    3.    The Trustee is authorized to sell, the real property located at 4531 6th Avenue South Saint Petersburg, FL 33711, and more specifically known as:

The East 15 feet of Lot 12 and all of Lot 13 , Block F, WOODSTOCK SUBDIVISION, according to the map or plat thereof as recorded in Plat Book 10, Page 31, Public Records of Pinellas County, Florida.

    (the "<u>Real Property</u>"),

to Buyer(s) for the gross sale price $ 114,500.00, subject to the approval of Bayview Loan Servicing, LLC ("Bayview") and SunTrust Bank, as payment in full, as specifically identified and described in the Motion.

    4.    The Trustee is authorized to pay, as further authorized in paragraph 6 below, the following undisputed liens or claims at closing of the sale:

| | |
|---|---|
| Bayview | $ 54,554.63 |
| SunTrust Bank | $ 4,133.07 |

    5.    The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments for the benefit of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

    6.    The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the

purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% of base sale price to Weichert Realtors-Equity | $ 6,870.00* |
| *this commission is intended to be shared with a cooperating agent. | |
| Title Charges: | $ 2,442.50 |
| Government recording / transfer charges: | $ 910.50 |
| Satisfaction of Liens | |
|     Bayview | $ 54,554.63 |
|     SunTrust Bank | $ 4,133.07 |
| Misc. | $ 1,005.00 |
| (incl. Municipal Lien Search Fee, Wire Fee, Fed/Ex Courier, Doc. Prep.) ** | |

\*\* It is understood that this amount is an estimate based on local practices by utility companies.  The Trustee is nonetheless authorized to pay the outstanding utilities and HOA charges in full (if any) and with the consent of all lienholders.

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above and in paragraph 4 so long as they are within industry standard.

      7.    Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis. The proposed sale shall take place no later than ninety days after the entry of this order, unless all parties agree otherwise.

      8.    This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes

regarding liens, claims, or interests asserted against the Real Property.

9. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

10. In the event the proposed sale does not close, all lienholders shall retain their liens on the Real Property to the same extent, validity and priority that they had prior to the entry of this order.

11. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.